IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION
CIVIL ACTION NO.

| | | |
|---|---|---|
| Steve Randall Smith, | ) | |
| | ) | |
| Plaintiff, | ) | 0:11-cv-02395-JFA |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| Major N. C. Murphy, Captain | ) | (Jury Demanded) |
| Charles Grant, Captain Jamie | ) | |
| Mitchell, Deputy T. J. Murphy | ) | |
| and Richard Smith, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTORY STATEMENT

1.     This is a civil action seeking actual and punitive damages as well as costs and fees claimed by the plaintiff against the defendants for committing acts under color of law which deprived the plaintiff of rights secured to him by the Constitution and laws of the United States of America.  All individuals are sued individually as persons under 42 U.S.C. §1983.  Moreover, the defendant Smith is also sued in his capacity as duly elected Sheriff of Chester County and employer of the other four individual deputy sheriffs.  As Sheriff of Chester County, Smith is responsible and liable for the acts and omissions of his deputies.

## JURISDICTION

2.     The court has jurisdiction over the plaintiff's federal claims according to 42 U.S.C. §1983 and 28 U.S.C. §134.  The plaintiff also brings state

law claims under the court's pendent jurisdiction, and those claims are asserted under the South Carolina Tort Claims Act, §15-78-211 *et. seq.*

## PARTIES

3.    The plaintiff is a citizen and resident of South Carolina. Upon information and belief, the individual defendants are citizens and residents of Chester County, South Carolina. Smith is a political entity, agency, or political subdivision within the meaning of the South Carolina Tort Claims Act. At all times relevant to this action, the other individual defendants were employed by Smith as deputy sheriffs and were performing acts pursuant to their employment as law enforcement officers. They were acting under color of law and are sued as persons.

## FACTUAL ALLEGATIONS

4.    On the 12th of September, 2009, the plaintiff was at I-77 Speedway in Chester participating as a race car driver in that track's annual Shrine race. The plaintiff is a Shriner and customarily participates in the race as well as other Shrine activities.

5.    When the plaintiff was driving down the back stretch of the race track, another driver "hooked" the right rear quarter panel of the plaintiff's car and almost turned the car over. After the race, the plaintiff approached the other driver's car to voice his displeasure to the driver and to make sure that the other driver appreciated what he had done.

6.    As the plaintiff approached the driver's door of the other car, Major Murphy and the other officers approached the plaintiff from behind. Due to the

2

noise of the race car engines and the crowd who had gathered at the race track, hearing was difficult. All the defendants except Smith approached the plaintiff from behind and one or more of them hit the plaintiff in the left side of his head. One of the defendants then grabbed the back of the plaintiff's race suit collar and tried to force him to the ground. Since the officers were behind the plaintiff, he could not see who was assaulting him and he thus tried to defend himself. As he did so, both Murphys, Grant, and Mitchell continued to attack him from behind. The plaintiff was never warned by any of the officers. The plaintiff never heard any of the officers identify themselves as law enforcement officers. The four officers wrestled the plaintiff to the ground, they kicked him in the face, the head, and the ribs. They blacked both his eyes, bruised the sides of his ribs, and inflicted numerous scratches and abrasions on the plaintiff's body. As a result of this assault on the plaintiff, he was required to seek medical care and treatment and did incur medical expenses. The plaintiff suffered severe physical pain and discomfort both temporarily and permanently.

7.    Deputy P. J. Murphy, in addition to the other aspects of the assault, choked the plaintiff from the rear. When the attack subsided and after the deputies had completely subdued the plaintiff, Major Murphy put his hands on the back of the plaintiff's head and pushed his face into the mud The attack on plaintiff by the officers was extremely painful because he had recently undergone surgery on his shoulder. When the plaintiff attempted to explain this to Major Murphy as Murphy was handcuffing him, Murphy's response was: "I don't give a fuck."

8. The officers approached the driver who the plaintiff intended to confront and asked him to press charges, but the driver declined.

9. Nevertheless, the officers charged the plaintiff with assault and battery.

10. Prior to his court date on the charge of assault and battery, the plaintiff duly requested a jury trial and filed certain motions designed to obtain discovery and evidence under the appropriate legal rules.

11. Notwithstanding the plaintiff's valid request for a jury trial, no jury trial has ever been scheduled. In fact, the plaintiff would show upon information and belief that Major Murphy, having previously received the plaintiff's request for a jury trial, appeared before a Chester County magistrate without notice to the plaintiff and his attorney and testified against the plaintiff and caused the court to issue a conviction in the plaintiff's absence.

## **CAUSES OF ACTION**

12. The plaintiff reiterates and realleges the allegations of paragraphs 1 through 11 as if repeated verbatim herein.

13. The plaintiff is informed and believes that the conduct of the individual officers other than Smith represents a violation of his Fourth Amendment right to be free from unreasonable searches and seizures of his person and that the force used by the defendants was unnecessary and unreasonable under the circumstances and caused the plaintiff great pain and suffering.

14. Moreover, the plaintiff would show that when Major Murphy appeared in court, after being notified of the plaintiff's request for a jury trial, without notice to the plaintiff and effectuated an adjudication of guilt against the plaintiff, that Murphy in this regard violated his right under the Fifth Amendment to the Constitution not to be deprived of liberty or property without due process of law and his rights under the Sixth Amendment to the Constitution to be confronted with the witnesses against him, and to have the assistance of counsel.

15. Moreover, the plaintiff is informed and believes that Major Murphy, an employee of Smith, initiated a criminal proceeding against him with malice and without probable cause, or that he continued such a proceeding against him with malice and that the proceeding terminated in the plaintiff's favor. This cause of action is asserted against Smith as the employer of Murphy according to the terms and conditions of the South Carolina Tort Claims Act.

16. The plaintiff would show that the individual deputies in seizing him and by applying excessive force in taking hold of him committed an unlawful touching or battery of the plaintiff. The plaintiff would show that Smith is liable for the actions of the deputies in this regard inasmuch as they were acting as Smith's agents.

**WHEREFORE,** having fully set forth his complaint, the plaintiff prays for judgment as follows:

a)    42 U.S.C. §1983 against the Murphys, Grant and Mitchell for actual damages, punitive damages, costs, and attorney's fees if the plaintiff is deemed to be the prevailing;

b)    Malicious prosecution and battery against Smith under the terms of the South Carolina Tort Claims Act for all allowable damages up to and not exceeding Three Hundred Thousand ($300,000.00) Dollars.

**BOLT LAW FIRM**

**/s/ J. Dennis Bolt**
**J. DENNIS BOLT, FID #1375**
**1116 Blanding Street, 2nd Floor**
**Post Office Box 137**
**Columbia, South Carolina  29201**
**(803) 256-7335**
**Fax:   (803) 744-0805**
**dennis@dboltlaw.com**

**Columbia, South Carolina**

**September   8,   2011.**